# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **MARKEITH D. TUCKER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHRISTINE GREENWOOD; DAN BOTT; ZACKERY LNU; and FNU ALZONZO,**<br><br>**Defendants.** | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00951-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Markeith D. Tucker's ("Mr. Tucker") complaint.[2] Mr. Tucker has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Tucker's complaint under the IFP Statute. For the reasons explained below, the court finds that Mr. Tucker's complaint fails to state a claim upon which relief can be granted, and, therefore, the court orders Mr. Tucker to file an amended complaint by March 19, 2025.

---

[1] ECF No. 6.

[2] ECF No. 1.

[3] ECF No. 4.

## BACKGROUND

Mr. Tucker's complaint names as defendants Christine Greenwood, Dan Bott, Zackery FNU, and FNU Alzonzo.[4] Mr. Tucker's complaint contains the following allegations in support of his claims:

> My social claim was deprived under 18 U.S.C. § 242; [e]xaminers at DDS and attorneys; adjudicators conjured to retaliate [and] racial profile and deprive my social claim willfully withholding my [b]enefits[,] violat[ing] my privacy with third parties[,] family[,] and public. Doctors private of mine saw what happened. Extortion and [b]lackmailing me from being libel/slandered towards my social security number, covering up considered domestic terrorism, scoundrels.[5]

Based upon these allegations, Mr. Tucker asserts causes of action under 18 U.S.C. §§ 242, 245, 1505; 42 U.S.C. §§ 1441, 1983; 20 C.F.R. § 416.520; Title XVI of the Social Security Act; the Oklahoma Constitution; and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[6]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[7] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P.

---

[4] ECF No. 1.

[5] *Id.* at 4.

[6] *Id.* at 3-4; ECF No. 1-1.

[7] 28 U.S.C. § 1915(e)(2)(B)(ii).

12(b)(6).[8] Under that standard, the court "look[s] for plausibility in th[e] complaint."[9] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[10]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[11] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[15] The twin purposes of a complaint are to give the opposing

---

[8] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[9] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[10] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[11] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[14] *Id.*

[15] *Twombly*, 550 U.S. at 555.
...

party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[16]

In analyzing Mr. Tucker's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[17] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[18] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[19] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[20]

---

[16] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[18] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[19] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[20] *Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[21]

## ANALYSIS

Based upon the following analysis, Mr. Tucker fails to state a claim upon which relief can be granted. However, because Mr. Tucker may be able to cure these deficiencies with adequate allegations in an amended complaint, the court affords him the opportunity to do so.

### I. Mr. Tucker Fails to State a Claim Upon Which Relief Can Be Granted.

After reviewing Mr. Tucker's complaint, the court concludes that all the factual allegations therein are conclusory in nature, and, therefore, fail to satisfy the minimum pleading standards of Rule 8(a)(2) and Rule 12(b)(6). Mr. Tucker fails to make any specific, intelligible allegations concerning Defendants' actions. Instead, he simply alleges—without any factual support or enhancement—that Defendants violated a series of federal statutes and a state constitution, which is insufficient to state claims upon which relief can be granted.[22]

Moreover, Mr. Tucker's claims do not provide any basis for relief under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*.[23] To state a cause of action under § 1983, Mr. Tucker must allege (1) the deprivation of a federal right by (2) a person acting under color of state law.[24]

---

[21] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[22] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (providing that "a plaintiff must offer specific factual allegations to support each claim" to state claims upon which relief can be granted).

[23] 403 U.S. 388 (1971).

[24] *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (providing that "to state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

Although Mr. Tucker appears to allege the violation of several federally protected rights, he has failed to demonstrate any deprivation of these rights was committed by a person acting under color of state law. For this reason, Mr. Tucker fails to state a claim under § 1983. Mr. Tucker also fails to state a claim under *Bivens*.[25] A *Bivens* action provides people who have suffered certain constitutional harms at the hands of federal agents with a financial remedy against the agents individually.[26] Indeed, *Bivens* claims "can be brought only against federal officials in their individual capacities."[27] None of the Defendants appear to be federal officials. Accordingly, Mr. Tucker's *Bivens* claim also fails. Therefore, Mr. Tucker has failed to make sufficient allegations to state any claim upon which relief can be granted.[28]

## II.   The Court Permits Mr. Tucker to Amend His Complaint.

Although Mr. Tucker fails to state a claim upon which relief may be granted, dismissal of his complaint is proper only "if it is obvious that [he] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Because Mr. Tucker might be able

---

United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

[25] 403 U.S. 388 (1971).

[26] *Id.* at 389. *See also Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987) ("A *Bivens* action seeks to impose personal liability and damages on a federal official for the violation of a constitutional right."); *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (describing *Bivens* actions as a "federal analog" to § 1983 suits in the limited settings where *Bivens* applies).

[27] *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

[28] *Bellmon*, 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based" and that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

to cure these deficiencies with adequate allegations, the court will allow Mr. Tucker to amend his complaint. Therefore, the court hereby orders Mr. Tucker to submit an amended complaint by March 19, 2025. The court will then address whether Mr. Tucker's amended complaint states a claim for relief. If it fails to do so, the court may recommend dismissal of this action.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. Mr. Tucker is ordered to file an amended complaint by March 19, 2025. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Mr. Tucker's failure to file an amended complaint may result in dismissal of this action.

4. Mr. Tucker's motion to proceed in forma pauperis[29] is TEMPORARILY GRANTED.

IT IS SO ORDERED.

DATED this 19th day of February 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[29] ECF No. 2.